IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

C.S. MCCROSSAN CONSTRUCTION
CO., INC.,

       Plaintiff,

v.	No. CIV 95-1345 JP/JHG

JAN A. COOK, et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

On March 13, 2000, Plaintiff filed a Motion for Reconsideration (Doc. No. 145), which will be denied.

1.  **Background.**

On November 13, 1995, Plaintiff filed its complaint. During June, 1998, the parties submitted cross motions for summary judgment. Before those cross motions for summary judgment were decided, Plaintiff filed on October 29, 1998 a Motion to Suspend Competing Summary Judgment Motions Pending Conduct of Discovery, Pursuant to Rule 56(f) (Doc. No. 119). On November 4, 1998, the then-assigned District Judge denied that motion to suspend by which Plaintiff had sought an opportunity to undertake additional discovery. On March 1, 2000, the Court entered summary judgment in favor of Defendants based on Plaintiff's lack of standing. Although the Plaintiff, in its Motion for Reconsideration (Doc. No. 145) filed March 13, 2000, ostensibly asked the Court to reconsider its summary judgment entered March 1, 2000, Plaintiff in essence asked the Court to reconsider the

November 4, 1998 Order that denied Plaintiff's Motion to Suspend and also asked the Court now to permit Plaintiff to conduct additional discovery.

2. **Discussion.**

The Plaintiff contends that the Court's denial of its October 29, 1998 Motion to Suspend was error because it precluded Plaintiff from engaging in discovery essential to opposing Defendants' motion for summary judgment. Plaintiff argues that this Court should reconsider its summary judgment and allow Plaintiff to conduct further discovery to meet what Plaintiff argues is a new test for establishing standing, which Plaintiff claims the Court of Appeals for the Tenth Circuit established in *Cache Valley Electric Co. v. State of Utah Dep't of Transportation,* 194 F.3d 1119 (10th Cir. 1998), *cert denied,* 526 U.S. 1038 (1999). Plaintiff refers the Court to Plaintiff's October 29, 1998 Motion to Suspend and incorporates the arguments made in regard to that motion into Plaintiff's Motion for Reconsideration filed March 13, 2000.

Defendants, seeing the Plaintiff's Motion to Reconsider as essentially a repetition of Plaintiff's earlier 1998 Motion to Suspend, refer this Court to Defendants' opposition to Plaintiff's Motion to Suspend and contend the following: (1) *Cache Valley* did not establish a new legal standard for demonstrating standing that would warrant reopening discovery; (2) Plaintiff had been on notice of Defendants' objections to Plaintiff's standing throughout the period predating the parties' filing of cross motions for summary judgment in June, 1998; (3) Plaintiff had ample time to conduct discovery before the March 1998 discovery deadline on all matters relating to whether it had standing to maintain this lawsuit but failed to do so.

2

Plaintiff filed its Motion for Reconsideration under FED. R. CIV. P. 59, which allows for a motion to alter or amend a judgment.  A motion requesting the Court to set aside its dismissal order, calling into question the correctness of the judgment, and filed within the ten-day limit for motions under Rule 59, is properly cognizable under Rule 59.  *Miller v. Leavenworth-Jefferson Electric Cooperative, Inc.,* 653 F.2d 1378, 1380 (10th Cir. 1981).  Grounds warranting a motion to reconsider include (1) the need to correct clear error or prevent manifest injustice, (2) an intervening change in the controlling law, and (3) the discovery of new evidence previously unavailable.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (*citing Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).  In its Motion for Reconsideration, Plaintiff failed to even recognize these grounds much less adequately argue them.  Instead, Plaintiff basically repeated the arguments and assertions it presented to the Court in its October 29, 1998 Motion to Suspend.  Plaintiff simply ignored the rule that "a motion for reconsideration is not a license for a losing party's attorney to get a second bite at the apple."  *Johnston v. Cigna Corp.,* 789 F.Supp. 1098, 1101 (D. Colo. 1992), *aff'd,* 14 F.3d 486 (10th Cir. 1993).  *See also Servants of the Paraclete* at 1012 ("It is not appropriate to revisit issues already addressed . . . in prior briefing.").

Plaintiff not only failed to demonstrate manifest error but even conceded its absence.  Plaintiff argued that "because discovery was completed and summary judgment pleadings submitted prior to the announcement of the *Cache Valley Electric Co.* decision, Plaintiff could not have divined the test and satisfied its requirements prior to submission of summary

judgment pleadings." (Pl's Mot. Recons. ¶ 6). In other words, Plaintiff acknowledged that since the previously assigned judge denied Plaintiff's requested extension of discovery, Plaintiff could not satisfy the summary judgment pleading requirements and consequently summary judgment was correctly granted on the record before the Court. Because only the Court's March 1, 2000 entry of summary judgment (not the 1998 denial of Plaintiff's 56(f) request) is being reconsidered, Plaintiff did not establish manifest error.[1]

Even if *Cache Valley* represented a change in the law as Plaintiff claimed back in 1998 (the then-presiding judge implicitly ruled on November 4, 1998 that it did not), it was not an intervening change in law for purposes of Plaintiff's Motion for Reconsideration. An intervening change in controlling law is one which a party lacks an opportunity to argue. Not only did Plaintiff have such an opportunity, it availed itself of that opportunity, having argued in its October 29, 1998 Motion to Suspend that *Cache Valley* was new law rather than merely an extension of prior law. The prior judge found against Plaintiff on that argument. The Plaintiff is not at this time bringing to this Court's attention an intervening change in law, but

---

[1] Even if Plaintiff's Motion to Suspend were being reconsidered, the Court would not overturn the previous judge's earlier ruling on that motion. In *Cache Valley* and *Wilson*, the Court of Appeals for the Tenth Circuit did not establish a new legal standard. Hence, Plaintiff's claimed need to reopen discovery was unjustified and Plaintiff's Motion to Suspend was properly denied. Defendants raised the issue of standing on three occasions, focusing on the issue of redressability, the same issue addressed in *Cache Valley* and *Wilson*. Plaintiff conducted discovery for more than two years. Plaintiff had ample time to conduct discovery on all aspects of standing after the ruling in *Wilson*, decided on October 21, 1996, and before the filing of Defendants' motion for summary judgment on June 24, 1998. Additionally, Plaintiff now proposes to conduct broad and open-ended discovery to establish whether firms competing on the challenged procurement would meet the regulatory requirement of demonstrating socially disadvantaged status without providing any meaningful parameters as to this aspect of discovery. For all these reasons, the denial of Plaintiff's Motion to Suspend was appropriate, and the previously assigned judge did not commit manifest error by entering the November 4, 1998 Order.

rather a losing argument that it had already presented two years ago. Plaintiff similarly failed to present new, previously unavailable evidence, and suggested only that new evidence it hopes to develop would enable Plaintiff to meet the standing requirements.

    IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Reconsideration (Doc. No. 145) is denied.

                                                     _____
                                                     CHIEF UNITED STATES DISTRICT JUDGE